This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**NO. A-1-CA-37871**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.

**STEPHANIE ROMERO,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Christina P. Argyres, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VARGAS, Judge.**

**{1}** Defendant appeals the district court's order upholding the metropolitan court's entry of judgment and deferred sentence, following Defendant's conditional plea for DWI. [DS 2; RP 130] In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In our calendar notice, we proposed to agree with the district court's analysis and adopt it in its entirety, including the result and legal reasoning. [CN 2] Defendant argues in her memorandum in opposition that the traffic stop was unjustified because there was no specific, articulable safety concern. [MIO 1] Specifically, Defendant asserts the mere possibility that she was the victim of a crime did not justify the stop, especially given that there was no indication Defendant was in distress or otherwise needed assistance. [MIO 1-2] However, as discussed in detail in the district court's order, given the information known to the officers about the possible use of a deadly weapon, and that the car Defendant was driving matched the description of the vehicle the officers had reason to believe the victim was driving, it was not unreasonable for the officers to stop Defendant and check on her well-being. [RP 137-41] *See State v. Ryon*, 2005-NMSC-005, ¶ 30, 137 N.M. 174, 108 P.3d 1032 (explaining that "[o]ur community caretaker cases . . . employ an objective test to determine whether a vehicle stop is based on a reasonable concern for public safety" and that reasonableness is based on the totality of the circumstances).

**{3}** Moreover, Defendant has not otherwise asserted any facts, law, or argument in her memorandum in opposition that persuade this Court that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{4}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm the district court's order.

**{5}** **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**JENNIFER L. ATTREP, Judge**